(101 South. 393)

No. 24647.

### KAJFES v. ELLIS et al.

(July 8, 1924. Rehearing Denied by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

Courts ⬤◯121(6)—Injunction ⬤◯46—District court held to have jurisdiction to enjoin interference with plaintiff engaged in cutting timber purchased.

Where plaintiff had paid $3,000 for privilege of cutting timber, and under contract was entitled to possession of land for that purpose, district court had jurisdiction of suit to enjoin interference with such activities.

Appeal from Eighth Judicial District Court, Parish of Franklin; S. R. Holstein, Judge.

Action by Vinko Kajfes against Carey J. Ellis and others, wherein defendants reconvened for damages. Judgment for plaintiff, and defendants appeal. Affirmed.

Ellis & Ellis, of Rayville, and John St. Paul, Jr., of New Orleans, for appellants.

Todd & Todd, of Bastrop, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. As the appellants, defendants, say in their brief, this case seems to have lost its importance, except for the defendants' reconventional demand for damages, and except for the costs of court.

The suit was commenced by plaintiff's obtaining a writ of injunction to prevent the defendants, C. J. Ellis, and his son, and his plantation overseer, from interfering with plaintiff's right to cut and remove the standing timber which he had bought from C. J. Ellis. According to the contract, plaintiff bought all of the timber on defendant's land except the cypress, gum, and hickory, and was allowed two years in which to remove the timber that he bought. It was said in the contract that he would remove the timber and relinquish his rights on the land sooner if possible. It was also stipulated that the seller, Ellis, should "have the right to follow the vendee and his workmen, and make ties, etc., out of whatever timber might be left."

Within a year after the contract was made, the son and agent of C. J. Ellis and the overseer of his plantation demanded that plaintiff and his workmen should stop cutting and removing the timber. Thereup-

on plaintiff brought this suit, obtaining a preliminary injunction and praying to have it perpetuated. Defendant pleaded to the jurisdiction of the district court, ratione materiæ, and the plea was regularly heard and overruled. It is said in appellant's brief that the plea should have been sustained for want of proof that plaintiff's rights under the contract were worth more than $50 when he filed his suit. He had paid $3,000 for the privilege which he was exercising, and it seems quite certain that it was yet worth far more than $50 when he was interfered with. Moreover, the interference with plaintiff's work was a trespass, because the contract gave him the right of possession of the land for the purpose of felling and removing the timber. The district court, therefore, had jurisdiction of the case.

In their answer to the suit, the defendants contended that plaintiff had taken all of the timber that he was entitled to when he was ordered to stop; and the defendant C. J. Ellis set up a reconventional demand for $7,000 damages. There was judgment for plaintiff, perpetuating the injunction and rejecting the defendant's reconventional demand for damages, and the three defendants have appealed.

Our conclusion from the evidence is that the judgment is correct. It is not seriously contended that plaintiff could or should have finished getting out the timber in less time than two years, under the stipulation in the contract that he would do so if possible. The evidence is that he used due diligence and made all the headway that might have been expected of him.

In the reconventional demand is an item of $5,000 for the alleged illegal issuance of the writ of injunction. That item is disposed of by the finding that the writ was not issued illegally. Another claim is for $90 for the loss of two cows that strayed away from defendant's pasture. It is charged that plaintiff's workmen left a gate open; but there is no proof of the charge. There were several gates in the pasture fence that were not used by plaintiff's employees, and that might have been left open by some one else. There is also a claim of $100 for hickory timber and $50 for gum timber supposed to have been taken by plaintiff. It is conceded that he was allowed to fell the large gum trees near his camp, and to take such small hickory trees as were needed for making ax handles and gluts or wedges. The evidence does not warrant the conclusion that he abused his privileges in that respect.

The judgment is affirmed, at appellants' cost.

Rehearing refused by the WHOLE COURT.